1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10    JONATHAN CARROLL,                          CASE NO. C22-5368JLR

11                            Plaintiff,         ORDER ON MOTION TO
                                                 APPOINT COUNSEL
                v.
12

13    JOE BIDEN,

                              Defendant.
14

15        Before the court is *pro se* Plaintiff Jonathan Carroll's motion for appointment of

16   counsel.  (Mot. (Dkt. # 2).)  Mr. Carroll brings a Racketeer Influenced and Corrupt

17   Organizations Act ("RICO") claim against President Joe Biden for unspecified

18   "environmental violations."  (*See* Compl. (Dkt. # 1) at 3.)  Having considered the motion,

19   the relevant portions of the record, and the applicable law, the court DENIES Mr.

20   Carroll's motion.

21        The appointment of counsel for a *pro se* litigant in a civil case "is a privilege and

22   not a right."  *United States ex rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965).

1   A court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C.

2   § 1915(e)(1) but should do so "only in exceptional circumstances." *Palmer v. Valdez*,

3   560 F.3d 965, 970 (9th Cir. 2009).  When determining whether exceptional circumstances

4   justify the appointment of counsel, the court considers "the likelihood of success on the

5   merits and the ability of the petitioner to articulate his claims *pro se* in light of the

6   complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331

7   (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  Neither

8   of these considerations is dispositive; instead, they must be viewed together. *Id.*

9        Mr. Carroll's form motion contains few supplemental details. (*See* Mot.)  It

10  establishes only that he has not been granted permission to proceed *in forma pauperis*

11  ("IFP");[1] that his efforts to secure his own counsel have included searching online and

12  contacting "10 or so" attorneys "over the last 30 days"; and that no state or federal

13  agency has determined that there is reasonable cause to believe the allegations in his

14  complaint are true. (*See* Mot. at 1-3.)  Thus, the court cannot conclude from Mr.

15  Carroll's motion that he is "unable to afford counsel," which is reason enough to deny his

16  motion. *See* 28 U.S.C. § 1915(e)(1).  Mr. Carroll also neglects to state why his claim is

17  likely to succeed, though it is clear from the court's preliminary review of the complaint

18  that success is not likely. (*See generally* Compl.)  The court reaches this finding because

19  Mr. Carroll sues the President under RICO for unspecified environmental violations

20  committed "through actions/inaction of various Government agencies" (*see id.* at 5), and

21  //

22

---

[1] Mr. Carroll has not sought to proceed IFP. (*See generally* Dkt.)

1    such claims are unlikely to succeed, *see, e.g.*, *Heckman v. State of Wash.*, No. C04-

2    5447RJB, 2005 WL 1719869, at *8 (W.D. Wash. July 25, 2005) ("[S]overeign immunity

3    bars a RICO claim against the United States."), *aff'd sub nom. Heckman v. Washington*,

4    180 F. App'x 696 (9th Cir. 2006); *McMillan v. Dep't of Interior*, 907 F. Supp. 322, 326

5    (D. Nev. 1995) ("No RICO statute waives the sovereign immunity of the United States or

6    its agencies."), *aff'd sub nom. McMillan v. U.S. Dep't of Interior*, 87 F.3d 1320 (9th Cir.

7    1996).  Because Mr. Carroll has not demonstrated that he is unable to afford counsel or

8    that his complaint is likely to succeed on its merits, the court must conclude that

9    exceptional circumstances do not warrant the appointment of counsel.  *See Wilborn*, 789

10   F.2d at 1331.

11           Finally, the court doubts that it will be able to find an attorney to take Mr.

12   Carroll's case.  Although the court can, in certain circumstances, request that an attorney

13   represent a *pro se* litigant, it cannot force a lawyer to take a case.  *See* 28 U.S.C.

14   § 1915(e); *see also Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 307

15   (1989) (noting that courts may "ask but not compel lawyers to represent indigent

16   litigants").  The court has adopted a plan for recruiting counsel to represent indigent

17   litigants pro bono, but only plaintiffs in "civil rights actions" are eligible.  *See* W.D.

18   Wash. General Order 16-20 (Dec. 8, 2020), https://www.wawd.uscourts.gov/

19   sites/wawd/files/GO16-20AmendedProBonoPlan.pdf.  An action to establish the

20   President's RICO liability for unspecified environmental violations likely does not

21   qualify as a civil rights action.  Even if it did, Mr. Carroll reports that he has contacted

22   approximately ten attorneys over the past month or so, none of whom was willing to take

1    his case.  (*See* Mot. at 2.)  Thus, the court doubts that an attorney would volunteer to take

2    Mr. Carroll's case for free.

3         In sum, Mr. Carroll has not demonstrated that this case involves the type of

4    exceptional circumstances that warrant appointment of counsel by the court.  For the

5    same reason, the court determines that Mr. Carroll's request for court-appointed counsel

6    should not be passed on to the pro bono screening committee for further review.  *See*

7    W.D. Wash. General Order No. 16-20, Section 3(c).  Accordingly, the court DENIES Mr.

8    Carroll's motion for appointment of counsel (Dkt. # 2).

9         Dated this 3rd day of June, 2022.

10

11

12                                    JAMES L. ROBART
                                     United States District Judge

13

14

15

16

17

18

19

20

21

22

ORDER - 4