UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JONATHAN CARROLL,<br><br>    Plaintiff,<br><br> v.<br><br>JOE BIDEN,<br><br>    Defendant. | CASE NO. C22-5368JLR<br><br>ORDER TO SHOW CAUSE |

Before the court is *pro se* Plaintiff Jonathan Carroll's complaint. (Compl. (Dkt. # 1).) Mr. Carroll has sued President Joe Biden for $100,000 in damages allegedly caused by President Biden "through actions/inactions of various Government agencies." (*See id.* at 5.) Mr. Carroll asserts that the court has subject-matter jurisdiction over this claim because he purports to proceed under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*, and because his claim implicates unspecified "[e]nvironmental matters." (*See* Compl. at 3.)

//

ORDER - 1

1    Before a court "may exercise jurisdiction over any suit against the government, [it] must have 'a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver.'" *See Jachetta v. United States*, 653 F.3d 898, 903 (9th Cir. 2011) (quoting *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003)). "Sovereign immunity is a threshold question that is sometimes described as 'jurisdictional.'" *Forester v. Chertoff*, 500 F.3d 920, 925 n.5 (9th Cir. 2007) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 94 (1990)). "The bar of sovereign immunity cannot be avoided merely by naming officers and employees of the United States as defendants." *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982) (citing *Larson v. Domestic and Foreign Commerce Corp.*, 337 U.S. 682, 687 (1949)). Moreover, because the sovereign immunity issue "goes to a court's jurisdiction," it may be raised "at any time." *See Dep't of Treasury-I.R.S. v. Fed. Lab. Rels. Auth.*, 521 F.3d 1148, 1152 (9th Cir. 2008). In keeping with the court's obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding" that comes before it, the court is well-advised to establish its jurisdiction at the outset of the case. *See* Fed. R. Civ. P. 1; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Here, the court's jurisdiction appears to be very much in doubt because Mr. Carroll proceeds only under RICO. (*See* Compl. at 5.) RICO, however, does not contain an express waiver of sovereign immunity, as is necessary to sue the United States and its employees, including the President, *see, e.g.*, *Heckman v. State of Wash.*, No.

C04-5447RJB, 2005 WL 1719869, at *8 (W.D. Wash. July 25, 2005) ("[S]overeign immunity bars a RICO claim against the United States."), aff'd sub nom. *Heckman v. Washington*, 180 F. App'x 696 (9th Cir. 2006); *McMillan v. Dep't of Interior*, 907 F. Supp. 322, 326 (D. Nev. 1995) ("No RICO statute waives the sovereign immunity of the United States or its agencies."), aff'd sub nom. *McMillan v. U.S. Dep't of Interior*, 87 F.3d 1320 (9th Cir. 1996); *Klayman v. Obama*, 125 F. Supp. 3d 67, 79 (D.D.C. 2015) (finding that RICO does not waive sovereign immunity and dismissing RICO claims against the President and Secretaries of State based on the court's lack of subject-matter jurisdiction).

Accordingly, Mr. Carroll is ORDERED to SHOW CAUSE and explain why sovereign immunity does not bar the court from exercising jurisdiction over this action. Mr. Carroll shall provide a response to this order by June 20, 2022. Failure to provide a response by that date will result in the court dismissing this action without prejudice.

Dated this 6th day of June, 2022.

JAMES L. ROBART
United States District Judge